UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| GERARDO O. ROJAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No. 2:07-CV-0325 PS |
| ) | |
| UNITED STATES MARSHAL ) | |
| SERVICE, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Gerardo Rojas filed a complaint pursuant to 42 U.S.C. § 1983 [DE1], alleging that Porter County Jail officials, United States Marshal David Murtaugh, and the United States Marshals Service violated his federally protected rights while he has been confined at the Porter County Jail as a Federal pretrial detainee.  Pursuant to 28 U.S.C. § 1915A(a), the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted.  Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

The pleading standards were recently retooled by the Supreme Court.  In the context of a motion to dismiss for failure to state a claim, the Court stated that the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007).  Instead the Court held that the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id*. at 1965.  Two weeks

later the Supreme Court decided *Erickson v. Pardus*, 127 S.Ct. 2197 (2007).  In *Erickson* the Court also took up the issue of pleading standards, but this time in the context of *pro se* litigation.  In *Erickson*, the Court stated that "[s]pecific facts are not necessary" to meet the requirements of Rule 8(a).  The Court further noted that a "document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id*. at 2200.  In an effort to reconcile *Twombly* and *Erickson* the Seventh Circuit has read those cases together to mean that "at some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." *Airborne Beepers & Video, Inc. v. AT&T Mobility*, 499 F.3d 663, 667 (7th Cir. 2007.

   Rojas brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law.  *Bell v. City of Milwaukee*, 746 F.2d 1205 (7th Cir. 1984).  To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation.  *West v. Atkins*, 487 U.S. 42 (1988).  The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States.

   In his Complaint's first, second and third rhetorical paragraphs, as supplemented by issues one, two, and three of his statement of claim, Rojas raises privacy claims arising from the jail's surveillance of inmates by means of security cameras.  In his first claim, Rojas states that the jail has cameras inside the cells in the intake area of the jail where inmates are housed for the first few days after their arrival at the jail.  His second claim deals with cameras monitoring the

2

shower area; he states that the shower itself is screened but that the area in front of the shower "that allows cameras to record and view nude inmates while they are in any of the three shower stalls and while they are at the drying off area."  (Statement of Claim at pp. 2-3.)  In his third claim, Rojas alleges that there are cameras in the pod where he is currently confined that allow officers to record and view anyone seated on the pod's two toilets.  Rojas's allegations that the jail's surveillance policies and practices violated his right to privacy, however, states no claim upon which relief can be granted.

> A prison shares none of the attributes of privacy of a home, an automobile, an office, or a hotel room.  We strike the balance in favor of institutional security, which we have noted is central to all other corrections goals.  A right of privacy in traditional Fourth Amendment terms is fundamentally incompatible with the close and continual surveillance of inmates and their cells required to ensure institutional security and internal order.  We are satisfied that society would insist that the prisoner's expectation of privacy always yield to what must be considered the paramount interest in institutional security.  We believe that it is accepted by our society that loss of freedom of choice and privacy are inherent incidents of confinement.

*Hudson v. Palmer*, 468 U.S. 517, 527 (1983) (citations, quotation marks, and brackets omitted).

That the jail may assign female officers to watch the security camera monitoring his cell or monitor the shower and restroom facilities also does not violate any right to privacy.

> Guards take control of where and how prisoners live; they do not retain any right of seclusion or secrecy against their captors, who are entitled to watch and regulate every detail of daily life.  After [*Bell v. Wolfish*, 441 U.S. 520 (1979)] and *Hudson*, monitoring of naked prisoners is not only permissible . . . but also sometimes mandatory.
> \* \* \*
> Surveillance of prisoners is essential, as *Wolfish* establishes.  Observation of cells, showers, and toilets is less intrusive than the body-cavity inspections *Wolfish* held permissible.  Guards do the surveillance.  Male guards and female guards too . . . .
> \* \* \*
> [F]emale guards . . . see male prisoners in states of undress.  Frequently.  Deliberately.  Otherwise they are not doing their jobs.

3

*Johnson v. Phelan*, 69 F.3d 144, 146 (7th Cir. 1995).

In issue four of his Statement of Claim, Rojas alleges that jail officials violated the Fourteenth Amendment's equal protection clause because female officers and nurses have access to male housing areas, but male custody staff do not directly supervise female inmates. He alleges that this practice discriminates against male inmates because female inmates "are provided a measure of dignity." (Statement of Claim at p. 9.)

But assigning female officers to monitor male pretrial detainees while not assigning male officers to monitor female prisoners does not violate the equal protection clause. In *Johnson*, the plaintiff alleged, as does Rojas, that jail officials violated the Fourteenth Amendment's equal protection clause by allowing female guards to monitor male pretrial detainees' movement and see them naked in their cells, shower, and toilet, while not subjecting female prisoners to the same indignities. The United States Court of Appeals for the Seventh Circuit held that the district court "properly rejected Johnson's argument that different monitoring patterns in different cellblocks within the Jail violate the equal protection clause of the fourteenth amendment." 69 F.3d at 145.

Rojas next submits a series of claims seeking damages for conditions of confinement at the Porter County Jail. Rojas is a pretrial detainee. The Eighth Amendment protects convicted prisoners from cruel and unusual punishments. *Wolfish*, 441 U.S. at 535 n. 16. The rights of pre-trial detainees are derived from the Fourteenth Amendment's due process clause. *Id*. at 535 n. 16. But "[a]n act or practice that violates the eighth amendment also violates the due process rights of pretrial detainees." *Martin v. Tyson*, 845 F.2d 1451, 1457 (7th Cir. 1988). A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1)

4

objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294 (1991).

In *Martin*, a pretrial detainee protested jail conditions. 845 F.2d at 1457. The court observed that

> the conditions at the Marshall County Jail may be far from ideal. But again, the Marshall County Jail is a small, rural jail, and jails do not have to duplicate the amenities of small, rural hotels. In order to make out a claim under 42 U.S.C. § 1983, Martin must show that intentional actions of the defendants served to deprive him of a constitutional right. He has not been Constitutionally harmed here.

*Id*. at 1457 (citations omitted).

In rhetorical paragraph five of his Complaint, Rojas alleges that prisoners are issued one uniform to wear for a week. But providing one uniform a week does not deprive the prisoner of the minimal civilized measure of life's necessities, and Rojas does not allege that he suffered any actual arm from this practice.

In paragraph six of his Complaint, Rojas alleges that the jail does not provide indigent inmates with underwear. If jail officials did not provide underwear to an indigent prisoner who did not have his own, and the prisoner suffered actual harm, then it might state a claim upon which relief could be granted. But Rojas does not allege that he suffered any actual harm from this policy; indeed, he does not even allege that he was one of the inmates who may have gone without underwear. The statement of his inmate trust account he submitted along with his Petition to Proceed *in Forma Pauperis* [DE6] establishes that Rojas received deposits of $1,265.00 in the six months before he filed this Complaint. Accordingly, Rojas is not indigent

5

and was in a position to purchase underwear.  Rojas may not assert the rights of any other inmate who may have suffered actual harm from this policy because he lacks standing to do so.  *See Elk Grove Unified Sch. Dist. v Newdow*, 542 U.S. 1, 12 (2004).

In paragraph seven of his Complaint, Rojas asserts that the cells are inspected twice a day by jail officials, but that they do not inspect some common areas such as the shower or restroom area.  He alleges that as a result, the walls and floors of these common areas are dirty and strewn with trash.  Obduracy and wantonness rather than inadvertence or mere negligence characterize conduct prohibited by the Eighth Amendment.  "To state a claim under the Eighth Amendment, [a plaintiff] must, at minimum, allege facts sufficient to establish that the defendants possessed a total unconcern for [his] welfare in the face of serious risks."  *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994) (citations omitted).  Rojas's claim that the defendants' failure to inspect portions of the jail causes those areas to be dirty does not deprive Rojas of the minimal civilized measure of life's necessities.  The conditions he complains of do not pose a serious risk to him, and he does not allege that he has suffered any actual harm from these conditions.

Finally, in paragraph eight of his Complaint, Rojas alleges that the administration discriminates against Mexican inmates, does not hire them to work in some departments, and does not treat them well when they are given a jail job.  According to the Complaint:

> Rarely are we hired, and when we are hired, we are verbally abused on the job, and told not to speak in our native language of Spanish among each other. The officers are very abusive toward Mexicans and we are alway[s] the first to be fired, just as I was.

(Compl. at p. 4.)

Verbal abuse or harassment is not sufficient to state a claim under § 1983.  *See Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987); *Oltarzewksi v. Ruggiero*, 830 F.2d 136, 139 (9th Cir.

6

1987); *Davis v. Mich. Dep't of Corr.*, 746 F.Supp. 662, 667 (E.D. Mich. 1990). Ordering inmates to speak in a language that officers understand is a security measure, and states no equal protection claim.

The equal protection clause does not require absolute equality or precisely equal advantages. *McCalvin v. Fairman*, 603 F.Supp. 342, 346 (C.D. Ill. 1985) (citing *French v. Heyne*, 547 F.2d 994, 997 (7th Cir. 1976)). There is no constitutionally protected right to a prison job, and a mere inconsistency in prison management, such as selecting some inmates for jobs while not selecting others, does not in itself state an equal protection claim, *see McCalvin*, 603 F.Supp. at 346; *Durso v. Rowe*, 579 F.2d 1365, 1372 (7th Cir. 1978). Nevertheless, jail officials may not deny a prisoner job opportunities based on race or ethnicity.

"Fed. R. Civ. P. 8 establishes a system of notice pleading," and a complaint may not be dismissed at the pleadings stage "unless no relief could be granted 'under any set of facts that could be proved consistent with the allegations.'" *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). Giving Rojas the benefit of the inferences to which he is entitled at the pleadings stage, the Court cannot say that he can prove no set of facts consistent with his equal protection claim that he was discriminated against in jail hiring and firing decisions because he is Hispanic.

In addition to Sheriff David Lain, Jail Warden John Widup, and Custody Captain Ronald Taylor, Rojas also names United States Marshal David Murtaugh and the United States Marshals Service as defendants. Rojas is at the Porter County Jail as a Federal pretrial detainee. Because the United States Marshal and the Marshals Service do not act under color of state law, Mr. Hernandez may not bring a § 1983 claim against them. But he may bring claims that persons

7

acting under color of federal law violated his Constitutional rights in a *Bivins* action.  *See Bivins v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

In a *Bivins* action, as in § 1983 action, damage claims are based on personal liability. *Ghandi v. Police Dep't of the City of Detroit,* 747 F.2d 338 (6th Cir. 1984).  The United States Marshal and the Marshals Service were not responsible for operating the Porter County Jail or for decisions that jail officials may have made concerning hiring and firing inmates.  Rojas appears to rely on the doctrine of *respondeat superior* to hold these defendants responsible for actions by jail officials because the jail is holding him for the Marshals Service.  But the doctrine of *respondeat superior*, under which a person may be held liable for his subordinates' actions, has no application to *Bivins* actions.  *See id*. at 344.

For the foregoing reasons, the Court:

(1) **GRANTS** the Plaintiff leave to proceed against Defendants John Widup, Ronald Taylor, and David Lain for damages his Fourteenth Amendment equal protection claim he was discriminated against in jail hiring and firing decisions because he is Hispanic;

(2) Pursuant to 28 U.S.C. § 1915A(b)(1); **DISMISSES** the claims against Defendants David Murtaugh and United States Marshals Service, and **DISMISSES** all other claims;

(3) Pursuant to 42 U.S.C. § 1997e(g)(2), **ORDERS** that Defendants Widup, Taylor, and Lain respond to the Complaint as provided for in the Federal Rules of Civil Procedure; and

(4) **DIRECTS** the Marshals Service to effect service of process on Defendants John Widup, Ronald Taylor, and David Lain on the Plaintiff's behalf, and **DIRECTS** the Clerk's office to ensure that a copy of this Order is served on them along with the Summons and Complaint.

**SO ORDERED**.

ENTERED: December 5, 2007

8

                                                                      <u>s/ Philip P. Simon</u>
                                                                      PHILIP P. SIMON, JUDGE
                                                                      UNITED STATES DISTRICT COURT